### 26IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| CRISTHIAN C.R., <br><br> Petitioner, <br><br> v. <br><br> TODD LYONS, et al., <br><br> Respondents. | Case No. 26-cv-01511-SRB-JFD |

### ORDER

Before the Court is Petitioner Cristhian C.R.'s ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. #1.)  Petitioner is a citizen of Ecuador.  In 2021, Petitioner entered the United States and was returned to Ecuador shortly after this initial entry.  Petitioner re-entered the United States in September 2023.  On February 17, 2025, he was arrested by immigration officials.  Petitioner now requests habeas relief and his immediate release.

On February 19, 2026, the Court issued a Show Cause Order which directed Respondents "to file an answer to the petition for a writ of habeas corpus of petitioner by no later than February 13, 2026[.]"  (Doc. #3, p. 1.)  The Court directed Respondents to include in their answer whether a warrant was issued for Petitioner's arrest and, if so, to attach a copy of the warrant.  Respondents timely filed their response.

Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1231. Respondents contend that because Petitioner "re-entered the United States after having been previously removed, his prior 2021 order of removal is reinstated from its original date pursuant to 8 U.S.C. § 1231(a)(5)."  (Doc. #5, p. 3.)  Respondents provide that "[u]nder § 1231(a)(2), during the 90-day 'removal period,' the government 'shall detain the alien.' . . . Because [Petitioner] is

well within the 90-day mandatory removal period, his detention is statutorily required under 8 U.S.C. § 1231(a)(2)." (Doc. #5, p. 4.) Respondents neither argued the existence of a warrant nor attached one to their answer.

Petitioner concedes that he is currently being detained under 8 U.S.C. § 1231 but argues that regardless of which section he is being detained under, immediate release is appropriate because he was unlawfully arrested without a warrant. The Court agrees with Petitioner:

> Pursuant to 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii), an immigration official may only make an arrest if they have a reason to believe the person is in violation of an immigration law or regulation and is likely to escape before a warrant can be obtained for arrest. . . . The language of . . . 8 C.F.R. § 287.8, states, "the following standards for enforcement of activities contained in this section must be adhered to by every immigration officer involved in enforcement activities." Whether the Petitioner is being held under § 1226(a) or § 1231, a person cannot be lawfully arrested by immigration officials without the official first making an individualized assessment of probable cause to believe the person is in violation of immigration laws and whether the person is likely to escape before a warrant may be obtained. *Id.*

(Doc. #7, pp. 2-3.) Despite the Court's Order directing Respondents to include in their answer "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition[,]" (Doc. #3, p. 1), Respondents failed to (1) argue the existence of a warrant and attach one to their answer or (2) provide any information showing that the immigration officer who arrested Petitioner had reason to believe that the Petitioner was in the United States in violation of any law or regulation and was likely to escape before a warrant for his arrest could be obtained. Accordingly, the Court finds that immediate release of Petitioner is the appropriate remedy.

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Verified Petition for a Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. Respondents shall immediately release Petitioner in Minnesota, but no later than 48 hours from the date of this Order.

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time.

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents.

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.

6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

*/s/ Stephen R. Bough*
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: February 26, 2026